

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS YORBA, on behalf of himself and similarly situated employees,<br><br>                          Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No.:  24-cv-00031-GPC-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

Before the Court is Defendant Government Employees Insurance Company's ("Defendant") Motion to Dismiss Luis Yorba's ("Plaintiff") Class Action Complaint. ECF No. 6.  Plaintiff responded, ECF No. 16, and Defendant replied, ECF No. 18.  The Court finds the matter suitable for decision based on the papers and VACATES the hearing scheduled for July 19, 2024.  Based on the reasoning below, the Court GRANTS IN PART with limited leave to amend and DENIES IN PART Defendant's Motion to Dismiss.

## BACKGROUND

On November 27, 2023, in the Superior Court of California, Plaintiff filed suit for this putative wage and hour class action on behalf of himself and other hourly non-

exempt direct and contracted temporary employees of Defendant in California.  ECF No. 1 at 21-26[1] ¶ 45.  Plaintiff alleges Defendant engaged in and continues to engage in illegal pay practices.  *Id.* at 10 ¶ 1.

Specifically, the Complaint alleges: (1) failure to pay wages for all hours worked at minimum wage in violation of California Labor Code §§ 1994 and 1197; (2) failure to pay overtime wages for daily overtime worked in violation of California Labor Code §§ 510 and 1194; (3) failure to permit meal periods in violation of California Labor Code §§ 512 and 226.7; (4) failure to permit rest periods in violation of California Labor Code § 226.7; (5) failure to pay wages for accrued sick days at the regular rate of pay in violation of California Labor Code § 246; (6) failure to provide complete and accurate wage statements in violation of California Labor Code § 226; (7) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of California Labor Code §§ 201, 202, and 203; and (8) unfair business practices in violation of California Business and Professions Code § 17200.  ECF No. 1 at 9-10.

Defendant filed the instant motion to dismiss on January 11, 2024.  ECF No. 6. Plaintiff then filed a motion to remand to state court, ECF No. 9, which the Court denies in a concurrently filed order.  In its motion, Defendant moves to dismiss Counts Two through Eight pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  *See* ECF No. 6.  Defendant also moves to dismiss, under Rule 12(b)(6), or strike, pursuant to Rule 12(f), the class allegations.  *See id.*

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal for failure to state a claim upon which relief can be granted, and Rule 8(a)(2) dictates that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A plaintiff is not required to provide "detailed factual allegations," but must plead sufficient facts that, if

---

[1] Page numbers are based on CM/ECF pagination.

24-cv-00031-GPC-VET

accepted as true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss when it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct charged." *Id.*

The Court must assume that all factual allegations are true and construe them in the light most favorable to the plaintiff but is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Labels, legal conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rule 12(f) permits a court to strike from pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). But "[c]ourts often regard motions to strike with disfavor, since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. Apr. 19, 2004) (citation omitted).

## DISCUSSION

### I. First Cause of Action

The Complaint alleges that Defendant employed "policies, practices and/or procedures" that failed to pay Plaintiff wages for some of the hours he worked. ECF No. 1 at 26 ¶ 51. The Complaint lists three practices: (1) requiring Plaintiff to set up his remote workstation off the clock, which took about one hour; (2) not paying for the time it took Plaintiff to boot up his computer, enter Defendant's system, and log into the timekeeping system each shift, which Plaintiff estimated took about five to fifteen

24-cv-00031-GPC-VET

minutes; and (3) rounding down Plaintiff's hours at the time of clock in and clock out to the nearest quarter of an hour.

Defendant does not move to dismiss this cause of action.

**II.    Second Cause of Action**

Count Two of the Complaint alleges that Defendant did not pay overtime wages, or if it did, did not do so at the correct rate.  ECF No. 1 at 28-31.  Defendant moves to dismiss this cause of action on the ground that the Complaint does not plead sufficient facts under Rule 12(b)(6).  ECF No. 6-1 at 11-12.

Pursuant to California Labor Code § 510(a), any work in excess of eight hours per day or forty hours per week must be compensated at a rate of one and one-half times the employee's regular rate of pay, among other requirements.  The overtime claim here is derivative of the First Cause of Action.  Because Count One alleges that Plaintiff was not paid for setting up his computer, for booting up his workstation every shift, and for time rounded off his clock in and clock out times, some of this time may have pushed him into hours requiring overtime pay and Defendant did not pay that overtime.  ECF No. 1 at 29-30.  Specifically, the Complaint states:

> *[T]o the extent* that the foregoing unpaid time [referring to the First Cause of Action] resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

*Id.* at 30 ¶ 64 (emphasis added).  The Complaint further alleges that any overtime that was paid was calculated at an incorrect rate of pay because the overtime rate is based on "all remuneration" and Defendant failed to include the unpaid boot up and set up times and time rounded off the clock in and out times in that figure.  *Id.* at 30 ¶¶ 65-66.

The Ninth Circuit in *Landers v. Quality Communications, Inc.* explained that to successfully allege an overtime claim on a motion to dismiss, "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given

24-cv-00031-GPC-VET

workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014).[2] District courts have consistently found that bare allegations that a plaintiff worked more than forty hours per week or eight hours per day are insufficient under *Landers*. *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) ("Under *Landers,* allegations . . . that certain plaintiffs 'regularly' or 'regularly and consistently' worked more than 40 hours per week—fall short of the *Twombly/Iqbal* standard and are thus insufficient to state a claim for denial of overtime compensation."); *Byrd v. Masonite Corp.*, No. EDCV 16-35, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (holding it insufficient to allege that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess [o]f eight (8) hours in a day, and/or in excess of forty (40) hours in a week"); *see Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955, 2022 WL 2132916, at *3 (N.D. Cal. June 14, 2022) (holding that alleging that plaintiff worked overtime hours to provide customer service was insufficient).

The Complaint fails to allege that Plaintiff worked any overtime at all. Instead it states that "to the extent" that time spent setting up and booting up, or time that was shaved off in rounding down clock in and clock out times, resulted in Plaintiff working more than eight hours per day or forty hours per week, Defendant failed to pay overtime. ECF No. 1 at 30 ¶ 64. This is speculative on its face. The Complaint does not allege that Plaintiff worked more than forty hours in any workweek or eight hours in any day, let alone in any given workweek as *Landers* suggests is required. *See Landers*, 771 F.3d at 644-45. And it does not include any facts that might make it plausible to conclude that Plaintiff was close to requiring overtime pay, such as what hours Plaintiff usually worked, how many shifts per week he worked, and whether he was a full or part-time

---

[2] *Landers* involved the Fair Labor Standards Act, 771 F.3d at 639, but the Ninth Circuit in an unpublished decision has applied it to California state claims for failure to pay overtime. *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015).

24-cv-00031-GPC-VET

employee.  Thus, these allegations do not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Because the Complaint has failed to allege that Plaintiff worked any overtime, it has similarly not made out a claim for the undercalculation of overtime pay.  ECF No. 1 at 30 ¶ 66.

Accordingly, the Court GRANTS the motion to dismiss.  Because Plaintiff may be able to fix these defects, the Court grants leave to amend.  "To be clear, the Court is not requiring [Plaintiff] to identify a calendar week or particular instance where he was denied wages, but only to plead specific facts that raise a plausible inference that such an instance actually occurred.  *Ramirez*, 2022 WL 2132916, at *3.

## III.     Third and Fourth Causes of Action

Defendant contends that the Third and Fourth Causes of Action, for failure to provide meal and rest breaks or properly pay premium wages when such breaks were denied, are insufficient under Rule 12(b)(6) because they are speculative and conclusory.  ECF No. 6-1 at 12-13.

The Third Cause of Action alleges violations of California Labor Code §§ 512(a) and 226.7, which require that an employer authorize meal breaks within the first five hours of work and again by the employee's tenth hour of work.  ECF No. 1 at 31.  The Fourth Cause of Action alleges that Defendant failed to provide the required rest breaks.  ECF No. 1 at 33 (citing *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1029 (2012)).  The Complaint makes these allegations in general terms, stating that "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods[.]"  ECF No. 1 at 32-32 ¶ 72; ECF No. 1 at 33 ¶ 81 (same for rest period allegations).  The Complaint also alleges that when Plaintiff was deprived of meal or rest periods, Defendant failed to pay him for one hour of work at his regular rate of pay as statutorily required by California Labor Code § 226.7(c).  ECF No. 1 at 32 ¶ 73, 34 ¶ 82.  It furthermore alleges that when Defendant paid the premium wage for missed meal and rest periods, Defendant underpaid because it did not include "all

remuneration such as service charges, for example," when calculating Plaintiff's regular rate of pay. *Id.* at 32 ¶ 74, 34 ¶ 83.

In his opposition, Plaintiff explains that the Complaint "is not seeking payment of meal and/or rest period premiums that went wholly unpaid, rather Plaintiff seeks recovery of the *underpayment* for meal and/or rest period premiums Defendant already paid Plaintiff[.]" ECF No. 16 at 18 (emphasis in original). This is not the most obvious reading of the Complaint, but whether the Complaint alleges failure to pay meal or rest break premiums at all or only to underpay them does not change the analysis. Either way, the Complaint does not allege sufficient facts to make out claims for meal or rest period violations.[3]

Most district courts in the Ninth Circuit have held that "[t]he requirement in *Landers* [regarding overtime wage claims] that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods." *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting cases). A few district courts do not go quite so far and have held that the plaintiff need not allege a particular example of a violation. *Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173, 1178-79 (S.D. Cal.

---

[3] Plaintiff's opposition argues that the Complaint alleges:
> (1) Plaintiff and similarly situated non-exempt employees earned additional remuneration (such as shift differential pay), (2) Plaintiff and similarly situated non-exempt employees suffered meal and/or rest period violations in the same pay period they earned their additional remuneration, (3) Defendant paid Plaintiff and similarly situated non-exempt employees premium pay for meal and/or rest period violations, and (4) when Defendant paid these premiums, Defendant failed to include all additional remuneration in the regular rate of pay calculation for the premium payments to Plaintiff and similarly situated employees.

ECF No. 16 at 18-19. However, with the exception of alleging that premium payments were underpaid, the Complaint simply does not make any of these allegations, even in a conclusory fashion. *See* ECF No. 1 at 31-34.

24-cv-00031-GPC-VET

2015); *see also Ismail v. Am. Airlines, Inc.*, No. CV221111, 2023 WL 5504932, at *3 (C.D. Cal. July 14, 2023) (noting that there is an inconsistency in how district courts interpret *Landers*).  This Court lands somewhere in the middle and agrees with its colleague on the Central District of California, which explained:

> The Court is persuaded that, at a minimum, a complaint must include plausible factual allegations that the plaintiff was a victim of the defendant's alleged violations of the labor laws.  As the Court explained in *Landers*, Federal Rule of Civil Procedure 8 does not require "mathematical precision," but it does require allegations indicating that a plaintiff worked shifts during which she was harmed.  Allegations that speak only to class members generally are insufficient to state a claim.

*Sanchez v. Ritz Carlton*, No. CV153484, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015).

Here, the Complaint makes no allegations about the named Plaintiff, *see* ECF No. 1 at 31-34, and in fact, only includes two facts particularized to this case at all: that Defendants failed to include shift differential pay and service charges in the regular rate of pay for calculating meal and rest break premium wages, *id.* at 32 ¶¶ 72, 74, 34 ¶¶ 81, 83, and that Plaintiff and the Rest Period Class regularly worked shifts longer than 3.5 hours, *id.* at 33 ¶ 81.  The Complaint does not explain what service charges are in this context or that Plaintiff was entitled to shift differential pay or worked shifts requiring shift differential pay in the same periods in which Defendants failed to permit meal or rest breaks.  *See* ECF No. 1 at 31-34.  And that the shifts were longer than 3.5 hours shows only that Plaintiff was entitled to a break, *Brinker*, 53 Cal. 4th at 1029, not that Defendant prevented Plaintiff from taking such breaks.  *See Ramirez*, 2022 WL 2132916, at *4 (granting motion to dismiss where complaint alleged only that the plaintiff worked shifts of at least six hours and was not authorized to take a meal break).

Other than these two facts, the Complaint contains only conclusory statements that Defendant's "policy, practice, and/or procedure" failed to permit required rest and meal periods or pay for those missed rest and meal breaks at the correct regular rate of pay.  *Id.* at 31-34 ¶¶ 72-74, 81-83.  Such conclusory statements are insufficient.  *See, e.g.*, *Raphael*

8

24-cv-00031-GPC-VET

*v. v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862, 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015) (granting the motion to dismiss where "[e]ach of . . . allegations read the same way, barren of facts describing specific periods of time where pay was denied or specific practices engaged in by [defendant] and instead only offers conclusory language").

The Court therefore GRANTS the motion to dismiss.  Because Plaintiff may be able to add additional facts sufficient to plausibly allege liability for meal and rest break violations, the Court grants leave to amend.

## IV.    Fifth Cause of Action

The Fifth Cause of Action alleges that, in violation of California Labor Code § 246, Defendant failed to pay Plaintiff the proper regular rate of pay when he elected to use paid sick days.  ECF No. 1 at 35-36.  Defendant challenges this claim on the ground that there is no private right of action under § 246.  ECF No. 6-1 at 13-14.  Plaintiff concedes that dismissal is appropriate.  ECF No. 16 at 23-24.

The Court agrees that there is no private right of action under § 246.  *Rudolph v. Herc Rentals, Inc.*, No. 220CV05412, 2021 WL 5994514, at *3 (C.D. Cal. Aug. 27, 2021); *Phoung v. Winco Holdings, Inc.*, No. 2:21-CV-2033, 2022 WL 3636369, at *6 (E.D. Cal. Aug. 23, 2022).  Accordingly, the Court GRANTS the motion to dismiss the claim under § 246 with prejudice.[4]

## V.    Sixth Cause of Action

Defendant challenges the Sixth Cause of Action, which alleges that Defendant knowingly or intentionally failed to provide Plaintiff with accurate wage statements, on the ground that it is conclusory.  ECF No. 6-1 at 14-16; ECF No. 1 at 36-38.  This claim is derivative of the prior claims in that it alleges that Defendant provided inaccurate

---

[4] The Court addresses Plaintiff's request to amend his California Unfair Competition Law cause of action to include a claim for incorrectly paid sick day wages in Count Eight.  *See* ECF No. 16 at 22-23.

24-cv-00031-GPC-VET

information regarding the number of hours worked and wages earned because Defendant failed to pay for all hours worked (Count One), overtime wages (Count Two), meal period premium wages (Count Three), and rest period premium wages (Count Four). ECF No. 1 at 36-37 ¶¶ 99-100.

Because this claim is derivative of the prior claims and the Court has held that the Complaint fails to state a claim as to the overtime, meal period, and rest period causes of action (respectively Counts Two, Three, and Four), the Court finds that the wage statement claim fails as to the allegations that Defendant did not include accurate information regarding wages from overtime and meal and rest period violations. *See Ramirez*, 2022 WL 2132916, at *4 (dismissing a wage statement claim where the court had already dismissed the predicate claims). The Court will only consider whether the Complaint plausibly alleges that Defendant knowingly or intentionally failed to include wages and hours owed for boot up and set up time and for improperly rounding down clock in and clock out times—the allegations in the First Cause of Action.

Pursuant to California Labor Code § 226(a), employees are entitled to receive itemized wage statements including accurate figures of their gross wages and total hours worked. To successfully make out a claim under § 226, a plaintiff must show that the inaccurate statement was knowing or intentional and caused injury. *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014); Cal. Lab. Code § 226(e)(1). Defendant does not contest that Plaintiff showed that the inaccurate statement caused injury, *see* ECF No. 6-1 at 14-16; ECF No. 18 at 5, so the Court does not address this element.

Within the Sixth Cause of Action, the only specific facts alleged are that Defendant did not provide accurate wage statements because Plaintiff did not receive all earned minimum wages, among other types of wages. ECF No. 1 at 36-38. But because the claim is derivative, the relevant facts can be found in the First Cause of Action. Defendant does not challenge Count One as failing to state a claim. *See generally* ECF No. 6-1. Taking the allegations in the Complaint as true, *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055, Defendant did not compensate Plaintiff for time spent booting up his

24-cv-00031-GPC-VET

computer and setting up his remote workstation and Defendant undercompensated Plaintiff for his daily hours by rounding down clock in and clock out times to the nearest quarter of an hour. ECF No. 1 at 26-27 ¶ 51. As a necessary result, the Complaint effectively alleges that Plaintiff's wage statements did not include the hours he worked setting up his workstation and booting up each shift, and his hours to the extent they were rounded down. The statements also therefore did not accurately account for the wages he should have earned during those activities. These facts plausibly allege that Defendant provided inaccurate wage statements.

Providing inaccurate wage statements alone is not enough for relief under § 226. The defendant must do so knowingly and intentionally. Cal. Lab. Code § 226(e)(1). For a violation of § 226 to be knowing and intentional, the "plaintiff must demonstrate that the defendant knew that facts existed that brought its actions or omissions within the provisions of section 226(a)." *Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1133 (E.D. Cal. 2015) (internal quotation marks and citations omitted); *see also Dawson v. Hitco Carbon Composites, Inc*, No. CV16-7337, 2017 WL 7806358, at *6 (C.D. Cal. May 5, 2017). For example, "an isolated and unintentional payroll error due to a clerical or inadvertent mistake" is not knowing or intentional. Cal. Lab. Code § 226(e)(3). But the plaintiff need not show "that the employer knew that its conduct was unlawful." *Willner*, 35 F. Supp. 3d at 1131.

Here, as discussed above, the Complaint alleges that Defendant had a policy of not compensating for set up and boot up time and rounding down clock in and clock out times. ECF No. 1 at 26-27 ¶ 51. Defendant was aware of these policies, meaning that Defendant was aware of the predicate facts that "brought its actions or omissions within the provisions of section 226(a)." *Garnett*, 139 F. Supp. 3d at 1133. That Defendant knew that Plaintiff performed uncompensated work and did not include these hours and wages in his wage statements is enough to show knowing and intentional. *See Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1029 (E.D. Cal. 2015); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282, 2014 WL 1665231, at *9 (E.D. Cal. Apr. 23,

24-cv-00031-GPC-VET

2014); *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1142 (E.D. Cal. 2012). Unlike the cases cited by Defendant, the Complaint alleges that Defendant had a policy of failing to pay for specific activities and that the hours worked and wages earned in those activities were not in the wage statement. ECF No. 1 at 36-37 ¶ 99; *see Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221, 2013 WL 1701581, at *8 (N.D. Cal. Apr. 18, 2013) (granting the motion to dismiss where the complaint did not allege that the failure to provide accurate wage statement was knowing and intentional at all); *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300, 2016 WL 6494296, at *7 (E.D. Cal. Nov. 2, 2016) (holding that the complaint "fell short of providing *any* factual content that allows the Court to draw the reasonable inference" of liability (cleaned up) (emphasis in original)).

The Complaint has adequately alleged that the "exclusion [from the wage statements] was not due to an accident, clerical error or mistake but was, and continues to be, defendant's policy." *Garnett*, 139 F. Supp. 3d at 1134. Thus, these facts are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, because they allow the Court "to draw the reasonable inference that" Defendant knowingly and intentionally provided inaccurate wage statements. *Iqbal*, 556 U.S. at 678. The Court therefore DENIES the motion to dismiss Count Six.

## VI.   Seventh Cause of Action

The Seventh Cause of Action alleges that Defendant failed to timely pay wages upon separation of employment in violation of California Labor Code §§ 201-03. ECF No. 1 at 38-39. Defendant argues, and Plaintiff concedes, that this claim must fail because Yorba, the named Plaintiff, is still employed by Defendant and therefore has no standing to allege a failure to timely pay wages upon discharge or resignation. *See* ECF No. 6-1 at 16-17 (motion to dismiss); ECF No. 16 at 23 (Plaintiff's opposition).

Because the Complaint indeed states that Plaintiff is still employed by Defendants, ECF No. 1 at 11, and this claim is dependent on the employee having separated from their employer, the Court agrees that the claim must be dismissed. The Court therefore

GRANTS the motion to dismiss Count Seven with prejudice as to Plaintiff Yorba as long as he remains employed by Defendant.

## VII.    Eighth Cause of Action

The final claim in the Complaint, the Eighth Cause of Action, alleges that the conduct alleged in the prior causes of action—failure to pay for all hours worked, failure to pay overtime, failure to pay meal and rest period premium wages, failure to provide accurate wage statements, and failure to timely pay wages upon separation—are unlawful or unfair business practices in violation of the California Business and Professions Code § 17200 and entitle Plaintiff to restitution and an injunction.  ECF No. 1 at 39-40.  This claim arises under the California Unfair Competition Law ("UCL"), which provides for only equitable remedies, *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 292 (2020).  Defendant contends that the claim must fail because Plaintiff has failed to allege that he does not have an adequate remedy at law.  ECF No. 6-1 at 19-20.

In 2020, *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit clarified that a federal court sitting in diversity may provide equitable relief only where the plaintiff can establish, pursuant to traditional federal common law, that they lack an adequate remedy at law.  971 F.3d 834, 844 (9th Cir. 2020).  Thus, "[u]nder *Sonner*, plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law[.]" *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020).  The Complaint fails to allege that the legal remedies are inadequate in any way.  *See* ECF No. 1 at 40.  The claim must therefore fail.  *See Sonner*, 971 F.3d at 844.

Plaintiff contends that at the pleading stage, he may allege an equitable remedy in the alternative.  ECF No. 16 at 21-23.  The Court disagrees.  Plaintiff supports this argument with citations to California cases and cases that pre-date *Sonner*.  *See id.* (citing *Eason v. Roman Cath. Bishop of San Diego*, 414 F. Supp. 3d 1276 (S.D. Cal. 2019) and *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163 (2000)).  But *Sonner* clarified that more flexible state laws regarding equitable relief cannot supplant the

federal common law restriction that equitable relief is available only where legal remedies are inadequate. *See Sonner*, 971 F.3d at 844; *see also Alvarado v. Wal-mart Assocs., Inc.*, No. CV 20-1926, 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020). So California law is not helpful to Plaintiff.

Multiple district courts have rejected the argument that a plaintiff can allege a UCL claim in the alternative to a statutory claim made on the same grounds at the pleading stage. *See Franckowiak v. Scenario Cockram USA, Inc.*, No. CV 20-8569, 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020); *Rudolph v. Herc Rentals, Inc.*, No. 220CV05412, 2021 WL 5994514, at *4 (C.D. Cal. Aug. 27, 2021). As one district court explained:

> [T]his is not an election of remedies issue. The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief, and that question is not premature on a motion to dismiss.

*In re MacBook Keyboard Litig.*, No. 5:18-CV-02813, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020). Thus, Plaintiff cannot allege a UCL claim based on his statutory claims in the alternative. The Court accordingly GRANTS the motion to dismiss Count Eight.

Although Defendant requests dismissal with prejudice, ECF No. 18 at 5, Plaintiff has not had an opportunity to show that legal remedies are inadequate in some way. Therefore, the Court grants leave to amend. *See, e.g.*, *Lingle v. Centimark Corp.*, No. 222CV01471, 2023 WL 2976376, at *7 (E.D. Cal. Apr. 17, 2023) (granting leave to amend on a similar claim); *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 638 (N.D. Cal. 2020) ("[A]s limited amendments are already being required to the [complaint], plaintiffs are given leave to amend to expressly allege that their remedies at law are inadequate[.]").

24-cv-00031-GPC-VET

Plaintiff additionally contends that he "should be granted leave to amend to seek restitution and injunctive relief under the UCL for alleged sick pay violations."  ECF No. 16 at 22-23.  Defendant responds, as with its contentions regarding the UCL claims generally, that Plaintiff "has not, and cannot, properly show that he lacks an adequate remedy at law to make restitution under Section 246 necessary."  ECF No. 18 at 6. Because the Court is giving Plaintiff an opportunity to demonstrate why legal remedies are inadequate for his original UCL claims, it will similarly allow Plaintiff to amend his Complaint to add a claim for incorrectly paid sick day wages under the UCL.

**VIII.    Class Allegations**

The Complaint brings each claim as a class action, alleging a series of subclasses. ECF No. 1 at 21-24.  Defendant moves to dismiss, under Rule 12(b)(6) and to strike, under Rule 12(f), the putative class action allegations because the Complaint does not include facts to support a "plausible claim that a common policy or procedure harmed the entire putative class" or that Plaintiff is similarly situated to the alleged class.  ECF No. 6-1 at 21-24.

Because the Court has dismissed all claims except for Count One for failure to compensate for time worked and Count Six, a derivative claim of Count One for failure to provide accurate wage statements, it will consider the class claims as to only these Counts.

It is rare for a court to dismiss class allegations at the pleading stage prior to a motion for class certification.  *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).  In fact, a few courts have held that Rule 12(b)(6) is an inappropriate vehicle for dismissing class claims because a class claim is not a claim for relief but rather a procedural device governed by Rule 23.  *See e.g.*, *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014); *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 119CV00484, 2022 WL 411422, at *9 (E.D. Cal. Feb. 10, 2022); *cf. Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)

24-cv-00031-GPC-VET

("[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim").

Nonetheless, some courts hold that "where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations," "district courts do dismiss class allegations on a 12(b)(6) motion[.]" *Mish v. TForce Freight, Inc.*, No. 21-CV-04094, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (emphasis in original). A few courts have dismissed class allegations at the pleading stage where the complaint did not sufficiently allege that the policy at issue was implemented as broadly as the class would require, *see Mendez v. H.J. Heinz Co., L.P.*, No. CV125652, 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012) or that the members of the class had similar work experiences, *see Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750, 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012). *See also Byrd v. Masonite Corp.*, No. EDCV 16-35, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016).

For the First and Sixth Causes of Action, the Complaint alleges two fairly broad classes:

- Minimum Wage Class: "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control." ECF No. 1 at 21 ¶ 45(A).
- Wage Statement Class: "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements." *Id.* at 23 ¶ 45(H).

For the Minimum Wage Class, the Complaint alleges that "Plaintiff and similarly situated employees who worked remotely in CA" were required to set up their computer system off the clock, that for "[e]ach shift worked remotely, Plaintiff and similarly situated

24-cv-00031-GPC-VET

employees who worked remotely in CA" were required to engage in a five to fifteen minute boot up process, and that Defendant rounded down clock in and clock out times for Plaintiff and similarly situated employees. *Id.* at 14-15 ¶ 15, 26. For the Wage Statement Class, the Complaint alleges that "Defendant failed to provide accurate wage and hour statements to [Plaintiff] and the Wage Statement Class . . . who did not receive all their earned wages (including minimum wages[).]" *Id.* at 36-37 ¶ 99.

While the lack of more specific facts might be fatal in other contexts, it is more than plausible that Defendant used the same remote work set up and boot up procedures as well as clock in and out procedures for all non-exempt employees in California. In fact, this comports with how most companies run. Contrary to Defendant's suggestion, ECF No. 6-1 at 21, the class need not have similar jobs or similar duties for their remote set up, remote boot up, and clock in and out processes to be the same. This is not a case in which the class allegations "lack any plausible basis." *Bush v. Vaco Tech. Servs.*, LLC, No. 17-CV-05605, 2018 WL 6308193, at *4 (N.D. Cal. Dec. 3, 2018). Because the wage statement claim is derivative of this failure to pay claim and because it is similarly plausible that Defendant issued inaccurate wage statements based on the failure to pay for certain activities on a statewide basis, the class claim regarding inaccurate wage statements is also plausible.

Because Defendant has not presented an argument that would preclude class certification, the motion to dismiss the class claims is not ripe. *See Morris v. SolarCity Corp.*, No. 15-CV-05107, 2016 WL 1359378, at *3 (N.D. Cal. Apr. 6, 2016); *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1196 (N.D. Cal. 2018). Nor has Defendant shown that the class allegations are "redundant, immaterial, impertinent, or scandalous" such that the Court should grant the disfavored motion to strike. Fed. R. Civ. P. 12(f). Although the class allegations are broad and would benefit from additional factual support, even where the class definitions "are somewhat suspicious," district courts have denied motions to dismiss or strike class allegations as premature. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007). "[T]he better

24-cv-00031-GPC-VET

course is to deny such a motion [to dismiss or strike class allegations] because the shape and form of a class action evolves only through the process of discovery." *Id.* at 615.

Accordingly, the Court DENIES the motion to dismiss or strike the class allegations as to Counts One and Six. The Court does not address the class allegations as to the other counts because it has already dismissed those claims.

## CONCLUSION

For the reasons above, the Court GRANTS the motion to dismiss Counts Two, Three, Four, Five, Seven, and Eight. The Court grants leave to amend on all counts except Counts Five and Seven, which it dismisses with prejudice. The motion to dismiss did not challenge Count One and the Court DENIES the motion to dismiss Count Six. It also DENIES the motion to dismiss the class allegations related to Counts One and Six.

**IT IS SO ORDERED.**

Dated: July 17, 2024

Hon. Gonzalo P. Curiel
United States District Judge

24-cv-00031-GPC-VET