Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Cassandra A. Castro, Esq. (SBN 334238)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        ccastro@lelawfirm.com

Attorneys for Plaintiff Luis Yorba,
on behalf of himself and others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALFORNIA

| | |
|---|---|
| LUIS YORBA, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: 3:24-cv-0031-GPC-VET<br><br>**CLASS ACTION**<br><br>**PLAINTIFF LUIS YORBA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>**1. FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>**2. FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**<br><br>**3. FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**<br><br>**4. FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**<br><br>/// |

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff LUIS YORBA ("Yorba" or "Plaintiff"), who alleges and complains against Defendants GOVERNMENT EMPLOYEES INSURANCE COMPANY; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I. <u>INTRODUCTION</u>

1.     This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II. <u>JURIDISCTION AND VENUE</u>

2.     This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay due; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; and statutory penalties for failure to provide accurate wage statements for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to San Diego County, 1411 Danielson St., Poway, CA 92064; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

3.     This Court also has jurisdiction over Plaintiff and the putative class

members' claims because Defendant removed this matter from State Court to Federal Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Sections 1332(d)(2)(A), 1441, 1446, and 1453.

## III.   **PARTIES**

4.    Plaintiff brings this action on behalf of himself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

5.    Beginning on or around October 10th, 2022, and continuing as of the filing of this amended Complaint, Defendants employ Plaintiff as an hourly non-exempt employee.

6.    During the relevant time period, on days Plaintiff worked for Defendants, Plaintiff generally worked on a full-time basis, at least five days a week. Further, Plaintiff's typical shift was generally scheduled to last seven (7) hours and (45) forty-five minutes per shift, whether remote or in person.

7.    Plaintiff is informed and believes and thereon alleges that Defendants employ him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

8.    Plaintiff is informed and believes and thereon alleges that Defendant Government Employees Insurance Company is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant Government Employees Insurance Company in the

establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant Government Employees Insurance Company operates in San Diego County and employed Plaintiff and putative class members in San Diego County, including but not limited to, at 1411 Danielson St., Poway, CA 92064.

9.     Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

10.     Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

11.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known

about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendant named in the particular cause of action in which the word appears and includes Defendants Government Employees Insurance Company and DOES 1 to 100, inclusive.

12.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13.    Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES

14.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, sections 11050, and 11040, Defendants are employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

15.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which incur to the benefit of the employer.

16.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

17.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and similarly situated employees who worked remotely in CA to set up their employer-provided computer system off the clock. The initial set up required, a HDMI adapter, a laptop, and a special VPN mechanism. You had to plug in all three devices, log into 3 different systems, and then were able to start work. This initial process of setting up a Plaintiff and similarly situated employees' workstation took about 1 hour to complete.

(b) Each shift worked remotely, Plaintiff and similarly situated employees who worked remotely in CA were required to:

      i.    Boot up their computers;

      ii.    Wait for their computers to load;

      iii.    Once loaded, enter credentials to log into Defendants' computer system;

      iv.    Request and wait to receive a 2-factor authentication code from the Defendants' computer system on their personal cell phone using an application Defendants required them to download;

      v.    Once received, use biometric security features on their phones to access the code;

      vi.    Use the code to log into Defendants' computer system;

      vii.    Once in Defendants' computer system, they had to launch the timekeeping application and wait for it to load; and

viii.   Log into the timekeeping application then clock in for the start of their shift.

(c) Plaintiff estimates that he and similarly situated employees spent five (5) to fifteen (15) minutes on the aforementioned boot-up process every shift worked remotely. Plaintiff and similarly situated employees were not paid for this time.

(d) "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked.

18.   Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

19.   **Failure to pay wages for overtime hours worked at the overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services that inure to the benefit of the employer.

20.   During the relevant time period, Plaintiff and similarly situated employees worked in excess of eight (8) hours in a workday or more than forty (40) hours in a workweek on at least one occasion.

21.   During the relevant time period, on information and belief, Plaintiff and similarly situated employees worked shifts that were generally scheduled to last at least seven (7) hours and (45) forty-five minutes per shift.

22.    Labor Code sections 510 and 1194 and Wage Order 4 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 4, §3.

23.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a)    Requiring Plaintiff and similarly situated employees who worked remotely in CA to set up their employer-provided computer system off the clock. The initial set up required, a HDMI adapter, a laptop, and a special VPN mechanism. You had to plug in all three devices, log into 3 different systems, and then were able to start work. This initial process of setting up a Plaintiff and similarly situated employees' workstation took about 1 hour to complete.

(b)    Each shift worked remotely, Plaintiff and similarly situated employees who worked remotely in CA were required to:

i.    Boot up their computers;

ii.    Wait for their computers to load;

iii.    Once loaded, enter credentials to log into Defendants' computer system;

iv.    Request and wait to receive a 2-factor authentication code from the Defendants' computer system on their personal cell phone using an application Defendants required them to download;

v.    Once received, use biometric security features on their phones to access the code;

vi.   Use the code to log into Defendants' computer system;

vii.  Once in Defendants' computer system, they had to launch the timekeeping application and wait for it to load; and

viii. Log into the timekeeping application then clock in for the start of their shift.

(c)    Log into the timekeeping application then clock in for the start of their shift. Plaintiff estimates that he and similarly situated employees spent five (5) to fifteen (15) minutes on the aforementioned boot-up process every shift worked remotely.

(d)    "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked.

24.    Plaintiff and similarly situated employees were not paid for this time.

25.    On the occasions where employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 4.

26.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

27.    **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants

often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts lasting greater than 6 hours in a workday and as a result Plaintiff and similarly situated employees were entitled to a timely, off-duty, meal break of no less than thirty (30) minutes.

28.    California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 4, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duties during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4, §11.

29.    Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to,

(a)    "shaving" Plaintiff's and similarly situated employees' total

daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked, including times for and/or lengths of meal periods;

(b)    Failing to provide Plaintiff's and similarly situated employees' timely meal periods prior to the fifth hour of work due to not including the start of shift boot-up process in the calculation of hours worked for shifts worked remotely; and/or

(c)    Failing to provide Plaintiff's and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked.

30.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

31.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

32.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, inter alia, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any

applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

33.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, and/or meal period premium wages), in violation of Labor Code section 226.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

34.    Plaintiff brings this action on behalf of himself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A.    **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B.    **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4)

years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay all overtime wages.

C. **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

D. **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

E. **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

35. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions

of law and fact include, but are not limited to:

        i.     Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

        ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

        iii.   Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

        iv.   Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

        v.    Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

        vi.   Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

        vii.  Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

        C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and

members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. .

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that

allows for vindication of their rights.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

36.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

37.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

38.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

39.    Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

40.    Defendants employed policies, practices, and/or procedures including, but not limited to, Plaintiff and the Minimum Wage Class worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and similarly situated employees who worked remotely in CA to set up their employer-provided computer system off the clock. The initial set up required, a HDMI adapter, a laptop, and a special VPN

mechanism. You had to plug in all three devices, log into 3 different systems, and then were able to start work. This initial process of setting up a Plaintiff and the Minimum Wage Class' workstation took about 1 hour to complete.

(b) Each shift worked remotely, Plaintiff and the Minimum Wage Class who worked remotely in CA were required to:

    i.    Boot up their computers;

    ii.    Wait for their computers to load;

    iii.    Once loaded, enter credentials to log into Defendants' computer system;

    iv.    Request and wait to receive a 2-factor authentication code from the Defendants' computer system on their personal cell phone using an application Defendants required them to download;

    v.    Once received, use biometric security features on their phones to access the code;

    vi.    Use the code to log into Defendants' computer system;

    vii.    Once in Defendants' computer system, they had to launch the timekeeping application and wait for it to load; and

    viii.    Log into the timekeeping application then clock in for the start of their shift.

(c) Plaintiff estimates that he and the Minimum Wage Class spent five (5) to fifteen (15) minutes on the aforementioned boot-up process every shift worked remotely.

(d) "shaving" Plaintiff's and the Minimum Wage Class' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked.

41.    Plaintiff and the Minimum Wage Class were not paid for this time.

42.    Plaintiff and the Minimum Wage Class were not paid for this time,

resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

43.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

44.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 and 1194

#### (Against All Defendants by Plaintiff and the Overtime Class)

45.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

46.    At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 4.

47.    Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

48.    During the relevant time period, on information and belief, Plaintiff and the Overtime Class worked shifts that were generally scheduled to last at least seven (7) hours and (45) forty-five minutes per shift.

49.    Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

50.    Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

51.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

52.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a)    Requiring Plaintiff and similarly situated employees who worked remotely in CA to set up their employer-provided computer system off the clock. The initial set up required, a HDMI adapter, a laptop, and a special VPN mechanism. You had to plug in all three devices, log into 3 different systems, and then were able to start work. This initial process of setting up a Plaintiff and similarly situated employees' workstation took about 1 hour to complete.

(b)    Each shift worked remotely, Plaintiff and similarly situated employees who worked remotely in CA were required to:

i.    Boot up their computers;

ii.    Wait for their computers to load;

iii.    Once loaded, enter credentials to log into Defendants' computer system;

iv.    Request and wait to receive a 2-factor authentication code from the Defendants' computer system on their personal cell phone using an application Defendants required them to download;

v.    Once received, use biometric security features on their phones to access the code;

vi.    Use the code to log into Defendants' computer system;

vii.    Once in Defendants' computer system, they had to launch the timekeeping application and wait for it to load; and

viii.    Log into the timekeeping application then clock in for the start of their shift.

(c)    Plaintiff estimates that he and similarly situated employees spent five (5) to fifteen (15) minutes on the aforementioned boot-up process every shift worked remotely. Plaintiff and similarly situated employees were not paid for this time.

(d)    "shaving" Plaintiff's and the Minimum Wage Class' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked.

53.    On the occasions where the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

54.    Due to Defendants' unlawful conduct, Plaintiff and the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute

overtime.

55.    Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

### (Against All Defendants by Plaintiff, and the Meal Period Class)

56.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

57.    At all times relevant to this Complaint, Plaintiff and the Meal Period Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

58.    California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

59.    In this case, Plaintiff and the Meal Period Class worked shifts long

enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a)    "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-in and clock-out to the nearest quarter of an hour, to the benefit of Defendants, and/or instructing Plaintiff and similarly situated employees to report their scheduled hours rather than their actual hours worked, including times for and/or lengths of meal periods;

(b)    Failing to provide Plaintiff's and similarly situated employees' timely meal periods prior to the fifth hour of work due to not including the start of shift boot-up process in the calculation of hours worked for shifts worked remotely; and/or

(c)    Failing to provide Plaintiff's and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked.

60.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

61.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this Complaint.

///

///

62.     Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

63.     Plaintiff, on behalf of himself and the Meal Period Class, seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

64.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

65.     At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

66.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the

employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

67.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, and/or meal period premium wages), in violation of Labor Code section 226.

68.   Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

69.   Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

70.   As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay

records than if Defendants had complied with their legal obligations.

71.     Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

72.     Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

73.     Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.      For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.      For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.      That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.      For damages, according to proof, including but not limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For liquidated damages pursuant to Labor Code section 1194.2;

5.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.      For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.      That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2.      For damages, according to proof, including but not limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable

under Labor Code section 1194, and post-judgment interest;

     5.     For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

     6.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

     1.     That Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

     2.     For damages, according to proof, including unpaid premium wages;

     3.     For any and all legally applicable penalties;

     4.     For pre-judgment interest, and post-judgment interest; and

     5.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

     1.     That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

     2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

     3.     For pre-judgment interest and post-judgment interest;

     4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

     5.     For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

///

6.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: September 6, 2024          Respectfully submitted,
                                  **LAVI & EBRAHIMIAN, LLP**

                         By:    /s/*Cassandra A. Castro*
                                Joseph Lavi, Esq.
                                Vincent C. Granberry, Esq.
                                Cassandra A. Castro, Esq.
                                Attorneys for Plaintiff Luis Yorba
                                on behalf of himself and others similarly
                                situated.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Luis Yorba demands a trial by jury for himself and the California Class on all claims so triable.

Dated: September 6, 2024          Respectfully submitted,
                                  **LAVI & EBRAHIMIAN, LLP**

                         By:    /s/*Cassandra A. Castro*
                                Joseph Lavi, Esq.
                                Vincent C. Granberry, Esq.
                                Cassandra A. Castro, Esq.
                                Attorneys for Plaintiff Luis Yorba
                                on behalf of himself and others similarly
                                situated